IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⌒ D.C.

05 OCT 25 PM 3: 13

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|   |   |   |
|---|---|---|
| KEITH J. ALLEN, | X | |
| Petitioner, | X | |
| vs. | X | No. 01-2966-D/A |
| HOWARD CARLTON, | X | |
| Respondent. | X | |

ORDER DENYING PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND AN EVIDENTIARY HEARING

On November 29, 2001, petitioner Keith J. Allen, Tennessee Department of Correction inmate number 223245, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a petition under 28 U.S.C. § 2254, accompanied by a 128-page legal memorandum and a three-inch stack of supporting exhibits. Petitioner paid the habeas filing fee. The Court issued an order on March 4, 2002 directing the respondent to file the record and respond to the petition. Because the rambling, 128-page legal memorandum did not separately enumerate the issues raised by the petitioner, the Court, prior to issuing that order, undertook the burden of reading the petitioner's submission in order to discern the issues he intended to raise and to list them in order to permit the respondent to frame a coherent response to the petition.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Subsequently, on May 3, 2002, petitioner filed motions seeking an order that the respondent comply with the Rules Governing Section 2254 Cases in the United States District Courts, leave to amend the petition to raise additional issues, and appointment of counsel. The Court issued an order on June 3, 2002 denying these motions.

Respondent filed a motion for summary judgment on May 23, 2002. On June 6, 2002, respondent filed a motion seeking an enlargement of time to respond to that motion. The Court issued an order on June 18, 2002 granting petitioner an additional forty-five (45) days to respond to the motion. On July 5, 2002, petitioner filed a motion asking to withdraw the original records from the Clerk's file in order to permit him to respond to the motion. On July 19, 2002, the Court issued the following order in response to that motion:

> Petitioner's motion is itself not well taken. It would not be appropriate to return original records in the Clerk's files to the petitioner. It is also not feasible to provide the petitioner with copies, both because he has not remitted the necessary funds and because the documents supplied by petitioner are so voluminous and poorly arranged that it would be an unreasonable burden on court personnel to parse through his submission to locate the particular items the petitioner has requested.
>
> Nonetheless, in light of the importance of this habeas petition to the petitioner, who is serving a life sentence, the Court finds that the appointment of counsel in this case would be in the interest of justice. 28 U.S.C. § 3006A(a)(2). Accordingly, the Court APPOINTS attorney Robert Brooks to represent the petitioner.

2

07/19/02 Order at 1-2. Significantly, appointment of counsel in this case was not based on the strength of the petitioner's claims but, instead, on the facts that the petitioner was serving a life sentence and the voluminous and chaotic nature of his pro se filings rendered it unreasonably difficult fairly to adjudicate his claims.

On behalf of the petitioner, Mr. Brooks responded to the summary judgment motion on November 15, 2002 and supplemented his response on August 26, 2003. Respondent filed a supplemental motion for summary judgment on September 26, 2003, and Allen, through counsel, responded to that motion on October 2, 2003.[1]

The Court issued an order on March 31, 2004 that granted respondent's motion for summary judgment with respect to every claim in the petition except for the fifth claim, which asserted that the trial court failed adequately to respond to the jury's questions concerning the elements of robbery. The Court ordered the submission of supplemental briefs on that claim. Allen, through counsel, filed his supplemental memorandum on April 16, 2004, and respondent filed his supplement on June 18, 2004. The Court issued an order on March 2, 2005 granting summary judgment to respondent on the sole remaining claim and directing the petitioner to file a memorandum asking for a certificate of appealability with respect to any issue he believes warrants further review. Allen, through counsel, filed

---

[1] In the meantime, respondent was ordered, repeatedly, to file the complete state-court record. Respondent's failures to comply with, or otherwise respond to, those orders resulted in a contempt hearing, in which counsel for petitioner participated.

3

a memorandum on March 24, 2005 seeking the issuance of a certificate of appealability limited to three claims.

On April 8, 2005, Allen filed a pro se motion seeking the dismissal of his appointed attorney, complaining that "appointed counsel in filing Certificate of Appealability, failed to present for certification, all 72 issues" petitioner contends were presented in his original petition. Allen further complains that appointed counsel failed to secure an evidentiary hearing on the fifth claim, has not adequately communicated with him, and did not file a motion pursuant to Fed. R. Civ. P. 59(e). The Court summarily denied the motion, through an endorsement order, on April 11, 2005.

On April 21, 2005, Allen filed a pro se motion seeking a temporary restraining order and an evidentiary hearing. In particular, Allen seeks "to hold the status quo in place until the District court has had an opportunity to hear and determine Petitioner's Motion for Dismissal of Appointed Counsel, and Memorandum of Law in Support." Motion for Request for Temporary Restraining Order [and] Evidentiary Hearing, filed Apr. 21, 2005 ("P. 04/21/05 Mot."), at 1. In that motion, Allen asserted that "appointed counsel's refusal to certify all 72 issues for appeal will subject Petitioner to irreparable injury." Id. at 2.

As the Court has already denied Allen's motion seeking the dismissal of his appointed counsel, the April 21, 2005 motion is moot. Moreover, Mr. Brooks has zealously and competently represented Allen in this matter. By selecting only the most meritorious issues

4

to pursue in his application for a certificate of appealability, counsel was acting in accordance with the law and the Court's instructions. Petitioner is also mistaken about his right to an evidentiary hearing on claim five, and his legal citations are based on a version of the governing statute that was superseded in 1996.

For all the foregoing reasons, the Court DENIES the petitioner's motion. If Allen does not wish to be represented by Brooks on appeal, he may file a motion to that effect with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 25th day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 69 in case 2:01-CV-02966 was distributed by fax, mail, or direct printing on October 27, 2005 to the parties listed.

---

Keith J. Allen
NORTHEAST CORRECTIONAL COMPLEX
223245
5349 Highway 67 W.
Mountain City, TN 37683

J. Ross Dyer
ATTORNEY GENERAL OFFICE
425 5th Avenue North
Nashville, TN 37243--049

Robert C. Brooks
LAW OFFICE OF ROBERT C. BROOKS
P.O. Box 771558
Memphis, TN 38177

Honorable Bernice Donald
US DISTRICT COURT