IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 14 PM 1:30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

KEITH J. ALLEN,

    Petitioner,

vs.

    No. 01-2966-D/A

HOWARD CARLTON,

    Respondent.

ORDER GRANTING A LIMITED CERTIFICATE OF APPEALABILITY
AND
ORDER DIRECTING THE CLERK TO ENTER JUDGMENT

The Court issued an order on March 31, 2004 that, <u>inter alia</u>, granted summary judgment to respondent on every claim in the petition except for the fifth claim, which asserted that the trial court failed adequately to respond to the jury's questions concerning the elements of robbery. Because the memoranda submitted by the parties did not analyze the issue pursuant to 28 U.S.C. § 2254(d)(1), the Court directed the parties to submit supplemental briefs on the issue. Allen, though counsel, filed a supplemental memorandum on April 16, 2004. Respondent filed his supplemental memorandum on June 18, 2004. The Court issued an order on March 2, 2005 that, <u>inter alia</u>, granted respondent's motion for summary

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-15-05



judgment on the sole remaining claim and directed the petitioner to apply for a certificate of appealability within thirty days.

Allen, through counsel, filed a supplemental memorandum on March 24, 2005 requesting a certificate of appealability with respect to some, but not all, of the claims raised in the petition. Respondent did not file a brief on the matter, and the Court's order did not require that respondent do so. 03/02/05 Order at 14 ("Respondent shall, if he so desires, submit a brief in opposition thirty days after the filing of petitioner's brief.").[1]

A. The Legal Standards Governing the Issuance of Certificates of Appealability

Twenty-eight U.S.C. § 2253(c) provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] Allen subsequently filed a pro se motion to remove his appointed counsel because, inter alia, of his failure to request a certificate of appealability with respect to each of the 72 issues he contends were presented in the original petition. That motion was denied.

2

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require

3

petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[2]

B. Application to Petitioner's Claims

Allen, through counsel, first seeks a certificate of appealability with respect to claim 5, which asserts that the trial court failed adequately to respond to the jury's questions concerning the elements of robbery. The Court GRANTS a certificate of appealability with respect to this issue.

Allen, through counsel, also seeks a certificate of appealability with respect to Claim 4, which concerns the failure of the trial court to charge the offense of voluntary manslaughter as a lesser-included offense of felony murder.[3] However, in order to obtain habeas relief on this issue, Allen must establish (I) that this case should be treated as a capital case for purposes of habeas

---

[2] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

[3] This issue was addressed at pp. 42-50 of the March 31, 2004 order.

4

review; (ii) that voluntary manslaughter is a lesser-included offense of felony murder under Tennessee law; and (iii) that there was sufficient evidence in the record to support a conviction for felony murder. The petitioner has failed to set forth any basis for concluding that jurors of reason could disagree about the resolution of any of these issues or about the ultimate resolution of that claim. The Court DENIES Allen's motion for a certificate of appealability on Claim 4.

Allen, through counsel, also seeks a certificate of appealability on Claim 2(c), whether trial counsel rendered ineffective assistance by failing to argue and advocate his theory of self defense.[4] For the reasons stated at length in the order granting summary judgment for respondent on that claim, the Court does not believe that reasonable jurists would disagree about the resolution of that issue. In particular, Allen cannot sustain his burden of demonstrating either deficient performance or prejudice. In his supplemental brief, Allen has not advanced any substantive reason why issuance of a certificate of appealability with respect to this issue would be appropriate. Accordingly, the Court DENIES Allen's motion for a certificate of appealability with respect to Claim 2(c).

---

[4] This issue is addressed at pp. 25-37 of the March 31, 2004 order.

Accordingly, the Court GRANTS in part and DENIES in part Allen's motion for a certificate of appealability. In particular, Allen has been granted a certificate of appealability limited to claim 5. The Clerk is ORDERED to enter judgment.

IT IS SO ORDERED this 14th day of November, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 70 in case 2:01-CV-02966 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Keith J. Allen
NORTHEAST CORRECTIONAL COMPLEX
223245
5349 Highway 67 W.
Mountain City, TN 37683

J. Ross Dyer
ATTORNEY GENERAL OFFICE
425 5th Avenue North
Nashville, TN 37243--049

Robert C. Brooks
LAW OFFICE OF ROBERT C. BROOKS
P.O. Box 771558
Memphis, TN 38177

Honorable Bernice Donald
US DISTRICT COURT